THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL MUNIZ, Appellant. [612 NYS2d 168] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Mallon, J.), rendered November 29, 1989, convicting him of murder in the second degree and manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing the conviction of murder in the second degree under the third count of the indictment, vacating the sentence imposed thereon, and ordering a new trial with respect to that count; as so modified, the judgment is affirmed.

We agree with the defendant that his conviction of murder in the second degree must be reversed due to the trial court's erroneous charge. The evidence at trial established that the defendant entered his former wife's residence and, after a brief verbal exchange with her husband, shot and killed the husband. He was charged, *inter alia,* with felony murder pursuant to the theory that the killing occurred during the defendant's commission of a burglary. However, the trial court repeatedly gave the jury confusing instructions regarding the underlying felony of burglary and erroneously charged that the element of "with intent to commit a crime therein" (Penal Law § 140.20) could be satisfied if the jurors found that the defendant did not form a criminal intent until *after* he entered the premises *(see, People v Gaines,* 74 NY2d 358; *People v Haupt,* 247 NY 369). Although this issue is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818), we exercise our discretion to reach it in the interest of justice and find that it was not harmless error in view of both the jury's specific request for supplemental instructions on this very point and the defendant's acquittal of

intentional murder and depraved indifference murder. Accordingly, we reverse the felony murder conviction and order a new trial with respect to that count of the indictment.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., O'Brien, Santucci and Hart, JJ., concur.