OPINION OF THE COURT
Levine, J.
After a jury was selected and sworn and opening arguments scheduled in defendant’s trial on charges of attempted murder, attempted aggravated assault upon a police officer, weapons possession, and various drug possession charges, the prosecutor requested and was granted a one-day continuance because his first witness had suffered a heart attack that morning and was hospitalized. The next day, after speaking with the witness’ physician, the court informed counsel and the defendant that the heart attack had been massive and the witness would be unavailable for at least seven weeks. The *601 prosecutor requested a second continuance which was denied by the court. The People then moved for a mistrial, which was granted over objection by the defense. In granting the motion for a mistrial, the court found that a mistrial was manifestly necessary owing to the critical nature of the witness’ testimony.
On the day defendant’s second trial was scheduled to begin, defendant entered a plea of guilty to two counts each of weapons possession, drug possession, and criminal use of drug paraphernalia. As a condition of the plea to the lesser charges, defendant waived his right to appeal, and expressly waived any claim of double jeopardy.
After sentencing, defendant appealed the judgment of conviction to the Appellate Division, arguing that his purported waiver of his right to appeal on the constitutional double jeopardy ground was invalid, and that the trial court erred in finding manifest necessity for a mistrial. The Appellate Division affirmed the conviction holding that although the waiver was invalid, the trial court properly granted the motion for a mistrial based on manifest necessity (204 AD2d 973). Leave was granted to defendant by a Judge of this Court and, for a reason different from that stated by the Appellate Division, we affirm.
Defendant asserts that as a matter of State double jeopardy law (NY Const, art I, § 6) the double jeopardy defense is among the categories of defenses that are not waivable as part of a plea bargain, and thus, that he may raise his double jeopardy claim on this appeal despite his express waiver of the claim as part of his plea bargain. He contends that because the double jeopardy defense has such strong ties with the concept of jurisdiction (see, People v Michael, 48 NY2d 1, 7 [double jeopardy claims need not be preserved to be raised on appeal]), it goes directly to the power of the courts to prosecute the defendant. Thus, he argues, a court has no jurisdiction over a defendant who has objected to a mistrial and, therefore, like other defenses that are fundamental to the integrity of the criminal process, a double jeopardy defense cannot be validly waived.
Defendant’s claims are unsupported by our precedents and are otherwise unpersuasive. Thus, we expressly recognized in Michael that "a double jeopardy objection may be waivable * * * in certain unusual cases, as where a defendant explicitly consents to retrial despite a double jeopardy defense” (id., at *602 7; see also, United States v Scott, 437 US 82, 93 [the Double Jeopardy Clause does not ordinarily bar a second trial when the defendant requests or consents to a mistrial]). Moreover, we later held that when a defendant by the conduct of counsel impliedly consents to a retrial after a mistrial, double jeopardy does not bar a retrial (People v Ferguson, 67 NY2d 383; see also, People v Coppa, 45 NY2d 244, 247). We can discern no substantive basis to make a distinction between an implied consent to retrial, as in Ferguson, and the express waiver of a double jeopardy defense to retrial presented here.
A defendant’s claim of double jeopardy is different from those narrow categories of appellate claims that cannot be waived as part of a plea bargain. "Plea bargaining is now established as a vital part of our criminal justice system” (People v Seaberg, 74 NY2d 1, 7). It "enables the parties to avoid the delay and uncertainties of trial and appeal and permits swift and certain punishment of law violators with sentences tailored to the circumstances of the case at hand * * *. The pleading process necessarily includes the surrender of many guaranteed rights but when there is no constitutional or statutory mandate and no public policy prohibiting it, an accused may waive any right which he or she enjoys” (id., at 7).
To be sure, we have recognized narrow exceptions to the general rule that an accused may waive any right he or she enjoys as part of a plea bargain; certain categories of appellate claims may not be waived. "These include the constitutionally protected right to a speedy trial (see, People v Blakley, 34 NY2d 311, 314-315 * * *), challenges to the legality of court-imposed sentences (see, People v Francabandera, 33 NY2d 429, 434, n 2), and questions as to the defendant’s competency to stand trial (see, People v Armlin, 37 NY2d 167, 172)” (People v Callahan, 80 NY2d 273, 280). These appellate claims cannot be waived "because of a larger societal interest in their correct resolution” (id., at 280).
"Society has a recognized interest in speedy trials because trial delay may result in the loss of evidence or an accused’s inability to respond to criminal charges, thereby compelling innocent persons to plead guilty out of necessity. Because of this societal interest, a defendant may not waive such claims * * *. Similarly, a defendant may not waive the right to challenge the legality of a *603 sentence * * * or his competency to stand trial * * *. These rights are recognized as a matter of fairness to the accused but they also embrace the reality of fairness in the process itself ” (People v Seaberg, 74 NY2d, at 9, supra [emphasis supplied]).
None of the societal interests which formed the basis of our decisions in the cases holding that a certain appellate claim is nonwaivable is presented in the case of double jeopardy. For although double jeopardy has jurisdictional overtones (see, People v Michael, 48 NY2d, at 7, supra), the purpose of applying the double jeopardy bar to situations in which no final determination of guilt or innocence has been made is to protect " 'the valued right of a defendant to have his trial completed by the particular tribunal summoned to sit in judgment on him’ ” (United States v Scott, 437 US 82, 92, supra [quoting Downum v United States, 372 US 734, 736]; see, People v Ferguson, 67 NY2d, at 388, supra).
The defendant who expressly waives a double jeopardy defense as part of a plea bargain after a mistrial may forgo the right to be tried by a particular tribunal in exchange for a definite sentence and protection against the possibility of conviction on the highest counts because such waiver does not implicate a larger societal value. The bargain made here is indistinguishable from the "inherent duality in requesting or consenting to a mistrial: the defendant gives up his right to be tried by a particular tribunal, and subjects himself to a second trial, yet also avoids a verdict in a trial which may have been proceeding very poorly for him” (People v Ferguson, 67 NY2d 383, 390, supra).
We note further that our holding today is consistent with waiver of double jeopardy cases from the United States Supreme Court. In Menna v New York (423 US 61, 62), the United States Supreme Court held that a counseled guilty plea does not waive a double jeopardy defense. However, the Court left the door open to an express waiver of double jeopardy protection. The Court qualified its holding: "We do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim that — judged on its face — the charge is one which the State may not constitutionally prosecute” (id., at 63, n 2). Indeed, the Supreme Court has, since Menna, held that a voluntary and intelligent guilty plea forecloses a double jeopardy challenge to those pleas where the double jeopardy *604 problem is not evident on the face of the indictment (United States v Broce, 488 US 563, 573). Even more significantly, the Supreme Court has also held that a plea agreement can by its terms expressly waive, for purposes of a subsequent prosecution, a claim of double jeopardy if the agreement is violated (Ricketts v Adamson, 483 US 1).
As the foregoing discussion demonstrates, no policy or societal interest requires us to place double jeopardy in a category with other nonwaivable defenses. Thus, the general rule applies and the defendant is bound by his express waiver of his double jeopardy claim.
Because we hold that defendant validly waived his right to raise his double jeopardy claim, we need not reach the merits of that claim.
Accordingly, the order of the Appellate Division should be affirmed.