■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DIONISIO DIAZ, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAPHAEL MARTINEZ, Respondent. [648 NYS2d 562] —Orders, Supreme Court, Bronx County (Harold Silverman, J.), entered March 21, 1994, which granted defendants' motions to suppress physical evidence, unanimously reversed, on the law, the motions denied and the matters remanded for further proceedings.

Despite having credited the police testimony that the livery cab in which defendants were passengers was being driven without operable brake lights, the hearing court concluded that such stop was simply a pretext to "check out" the two men in the back and that if nothing had been found, no summons would have been issued. Unlike the situation in *People v Elam* (179 AD2d 229, *appeal dismissed* 80 NY2d 958 [broken rear vent window]), however, an inoperable taillight constitutes a violation of the Vehicle and Traffic Law, and accordingly, such stop was legally proper and not based on "mere whim, caprice, or idle curiosity" (*People v Ingle*, 36 NY2d 413, 420). The cab having been lawfully stopped, the officers were then entitled to direct its occupants out without any particularized reason to believe they were armed. In such an encounter, the risks are the same whether the occupant is a driver or a passenger (*People v Robinson*, 74 NY2d 773, 775 *cert denied* 493 US 966; *see also, People v Barriera*, 191 AD2d 153, 155, *appeal dismissed* 81 NY2d 1040) and, despite the court's reliance upon *People v McLaurin* (70 NY2d 779), such police power is not limited to desolate, late-night stops or high-crime areas.

Once the defendants were out of the cab, the officers immediately noticed "telltale" waistband bulges (*People v De Bour*, 40 NY2d 210, 221) and, based upon their observations, had reasonable suspicion to believe that the defendants were armed, to pat their waistbands and thereupon to recover the two handguns. Concur—Rubin, J. P., Ross, Williams, Tom and Andrias, JJ.