OPINION OF THE COURT
 

 Levine, J.
 

 Defendant was indicted, following the shooting death of his
 
 *572
 
 ex-wife’s current husband, on three separate counts of the crime of murder in the second degree. Each of the three counts reflected an alternative theory of the crime: intentional murder (Penal Law § 125.25 [1]); depraved indifference to human life by recklessly engaging in conduct which created a grave risk of death (Penal Law § 125.25 [2]) and felony murder (Penal Law § 125.25 [3]), in having committed the crime of burglary and, in furtherance of that crime or immediate flight therefrom, inflicting an injury to the victim resulting in death. After a jury trial, defendant was acquitted of the intentional murder count, convicted of manslaughter in the second degree (a lesser included offense of depraved indifference murder under count two), and also convicted of felony murder under count three. Defendant was sentenced to 25 years to life imprisonment for the felony murder conviction, and 5 to 15 years for the conviction of second-degree manslaughter, concurrently.
 

 On appeal, the Appellate Division modified by affirming defendant’s conviction of second-degree manslaughter and, in the interest of justice, reversing the felony murder conviction based on an erroneous jury instruction and ordering a new trial of that count alone (204 AD2d 576). Defendant, on remand, pleaded guilty to first-degree manslaughter in satisfaction of the felony-murder charge, and was sentenced to SVs to 25 years, to run concurrently with the previous sentence imposed on the conviction for manslaughter in the second degree (see, Penal Law § 70.25 [2]). Defendant fully allocuted to the shooting of his former wife’s husband. As a condition to, and integral part of, the negotiated plea, defendant formally executed a written waiver of his right to appeal which, in pertinent part, read as follows:
 

 “i HEREBY WAIVE OR GIVE UP MY RIGHT TO APPEAL FROM THIS JUDGMENT OF CONVICTION,
 
 WITH THE EXCEPTION OF ANY CONSTITUTIONAL SPEEDY TRIAL CLAIM
 
 WHICH I MAY HAVE ADVANCED,
 
 THE LEGALITY OF THE SENTENCE, MY COMPETENCY TO STAND TRIAL AND THE VOLUNTARINESS OF THIS WAIVER.
 

 “i EXECUTE OR SIGN THIS WAIVER AFTER BEING ADVISED BY THE COURT AND MY ATTORNEY OF THE NATURE OF THE RIGHT I AM GIVING UP. * * *
 

 “i WAIVE OR GIVE UP MY RIGHT TO APPEAL VOLUNTARILY AND KNOWINGLY, AFTER MY APPELLATE RIGHTS WERE FULLY
 
 
 *573
 

 EXPLAINED
 
 BY THE COURT AND MY ATTORNEY, [ ] STANDING BESIDE ME. I HAVE HAD A FULL OPPORTUNITY TO DISCUSS THESE MATTERS WITH MY ATTORNEY AND ANY QUESTIONS I MAY HAVE HAD HAVE BEEN ANSWERED to my satisfaction” (emphasis supplied).
 

 Defendant nevertheless appealed his first-degree manslaughter conviction, contending that he was twice placed in jeopardy when he was directed to again stand trial, on remand, for. felony murder after already having been convicted of a lesser included offense of the same crime, second-degree murder, for the same act of homicide (see, US Const 5th, 14th Amends; NY Const, art I, § 6). Specifically, defendant argued that since he did not
 
 expressly
 
 waive any constitutional double jeopardy claim by agreeing to waive his right to appeal, he did not waive this particular double jeopardy objection. The Appellate Division concluded,
 
 inter alia,
 
 that defendant waived his right to appeal the double jeopardy issue by executing the written waiver as part of the negotiated plea and, thus, affirmed his conviction of first-degree manslaughter (239 AD2d 363). A Judge of this Court granted defendant’s application for leave to appeal.
 

 Before us, defendant again urges that his conviction, upon remand, of a lesser included offense of the felony murder count of the indictment following his original conviction and sentence on a lesser included offense of depraved indifference murder violates constitutional double jeopardy. Defendant further argues that he may assert this claim for the first time on appeal, notwithstanding his express waiver of the right to appeal, because this constitutional objection was not specifically included in the waiver instrument. We conclude that defendant’s written waiver was valid and effectively incorporated his double jeopardy claim and, therefore, affirm.
 

 A criminal defendant’s waiver of the right to appeal, obtained as a condition of a sentence or plea bargain, will be upheld if it is voluntary, knowing and intelligent, and implicates no larger societal interest or important public policy concern
 
 (see, People v Callahan,
 
 80 NY2d 273;
 
 People v
 
 Seaberg, 74 NY2d 1;
 
 see also, People v Moissett,
 
 76 NY2d 909). As long as those conditions are satisfied, the scope of the waiver of the right to appeal can be fully comprehensive, and is enforceable consistent with the actual intent underlying its execution
 
 (see, People v Seaberg, supra,
 
 74 NY2d, at 12 [where there “can be little doubt that the bargain was reasonable, that defendant knew and understood the terms of it and that he willingly accepted
 
 *574
 
 them,” the waiver should be enforced and the defendant held to the bargain knowingly and voluntarily made]).
 

 We have, however, previously identified certain defects in the proceedings leading to a conviction which are unwaivable as part of a plea bargain. This narrow class of appellate claims, grounded in the integrity of our criminal justice system and “the reality of fairness in the process”
 
 (People v Seaberg,
 
 74 NY2d, at 9,
 
 supra),
 
 implicate either an infirmity in the waiver itself or a public policy consideration that transcends the individual concerns of a particular defendant to obtain appellate review
 
 (see, People v Callahan, supra,
 
 80 NY2d, at 282;
 
 People v Blakley,
 
 34 NY2d 311, 314-315 [no waiver of constitutionally protected right to a speedy trial];
 
 People v Francabandera,
 
 33 NY2d 429, 434, n 2 [no waiver of right to challenge the legality of the sentence imposed];
 
 People v Armlin,
 
 37 NY2d 167, 172 [no waiver of right to challenge competency to stand trial];
 
 see also, People v Seaberg, supra,
 
 74 NY2d, at 9-10).
 

 In
 
 People v Allen,
 
 we determined that a claim of constitutional double jeopardy falls outside of that class of nonwaivable claims and, if all the other conditions for a valid waiver are satisfied, a double jeopardy claim may be expressly waivable through a condition to a sentence or plea bargain (86 NY2d 599, 602-604). We noted specifically in
 
 Allen
 
 that none of the societal interests which justify the narrow exceptions “to the general rule that an accused may waive any right he or she enjoys as part of a plea bargain” are present in a claim of double jeopardy
 
 (id.,
 
 at 602-603). Thus, while a claim of constitutional double jeopardy ordinarily is not waived by a counseled guilty plea
 
 (see, People v Prescott,
 
 66 NY2d 216,
 
 cert denied
 
 475 US 1150;
 
 see also, Menna v New York,
 
 423 US 61) and may be raised for the first time on appeal
 
 (see, People v Prescott, supra,
 
 at 218;
 
 see also, People v Michael,
 
 48 NY2d 1), where, as a condition of the plea to lesser charges, a defendant validly waived his right to appeal, including any claim of double jeopardy, such a bargained-for waiver is effective and enforceable
 
 (see, People v Allen, supra,
 
 86 NY2d, at 602-604).
 

 Moreover,
 
 People v Hidalgo
 
 (91 NY2d 733 [decided today]) makes clear that where no larger societal interests or public policy concerns are implicated, an unrestricted waiver of the right to appeal, knowingly, voluntarily and intelligently made, will bar consideration of a future appellate claim despite the fact that, at the time the appeal waiver was exacted, the defendant had not expressly waived every potential claim or available defense (91 NY2d, at 737,
 
 supra
 
 [appeal waiver deemed en
 
 *575
 
 forceable although defendant did not explicitly waive her right to challenge the alleged excessiveness of the sentence and had no indication as to the precise sentence the court would ultimately impose];
 
 see also, People v Allen,
 
 82 NY2d 761, 763 [voluntary and intelligent waiver of the right to appeal, “intended to be all encompassing,” precludes subsequent challenge to purported excessiveness of negotiated sentence]).
 

 The guiding principle in each of these cases is plain: where the plea allocution demonstrates a knowing, voluntary and intelligent waiver of the right to appeal, intended comprehensively to cover all aspects of the case, and no constitutional or statutory mandate or public policy concern prohibits its acceptance, the waiver will be upheld completely even if the underlying claim has not yet reached full maturation
 
 (see, People v Callahan, supra,
 
 80 NY2d, at 281;
 
 People v Allen, supra,
 
 86 NY2d, at 602-604;
 
 People v Seaberg, supra,
 
 74 NY2d, at 7-9;
 
 see also, People v Hidalgo, supra).
 

 Here, defendant’s waiver of the right to appeal bespeaks his intent fully to waive all aspects of the case which public policy concerns would not otherwise preclude. In fact, the instant waiver
 
 expressly excludes only
 
 those specific classes of appellate claims which could be reviewed despite a bargained-for waiver of the right to appeal. Moreover, defense counsel acknowledged that he and defendant discussed the appeal waiver and, after “explain[ing] it all to him,” defendant understood and agreed to the conditions contained therein. The court separately inquired, and made clear that although defendant’s first challenge had resulted in “a fair amount of success by going to an appellate court, [ ] in return for the reduced charges * * * to which you [are] plead [ing] guilty they’re asking you to waive that privilege. Understand?” Defendant orally responded in the affirmative and, thereafter, signed the waiver in open court.
 

 Thus, as we already have decided that a claim of constitutional double jeopardy implicates no larger societal interest and may be explicitly waived
 
 (see, People v Allen, supra,
 
 86 NY2d, at 602-603), we discern no principled basis upon which to conclude that a defendant cannot impliedly waive a claim of double jeopardy when the express appeal waiver evidences the understanding that, by taking the plea, defendant knowingly, voluntarily and intelligently gave up the right to appeal from
 
 all waivable aspects
 
 of the case “after [his] appellate rights were fully explained”
 
 (see, People v Hidalgo, supra; compare, United States v Broce,
 
 488 US 563, 573-574).
 

 
 *576
 
 Because we hold that defendant’s waiver of his right to appeal forecloses his collateral attack on the plea, we need not reach the merits of the instant double jeopardy claim. We have reviewed defendant’s remaining contentions, and conclude that they are similarly without merit.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Ciparick and Wesley concur.
 

 Order affirmed.