■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HWI JIN AN, Appellant. [679 NYS2d 94] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered November 10, 1997, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him to a prison term of 1 year, affirmed.

The statutory automobile presumption (Penal Law § 265.15

[3]) having been submitted to the Grand Jury, defendant was entitled to assume automatic standing to challenge the seizure and search of the shopping bag on the floor of the taxicab in which he was a rear-seat passenger (*People v Millan*, 69 NY2d 514). Despite defendant's standing, however, we conclude that the hearing court properly denied his motion to suppress on the merits. We see no reason to disturb the court's factual finding that the taxi stop was not pretextual. Because the cab was lawfully stopped for a traffic violation, the police were entitled to order defendant out of the car (*see, People v Diaz*, 232 AD2d 289, *lv denied sub nom. People v Martinez*, 89 NY2d 944). Upon seeing ammunition and a holster in plain view on top of the shopping bag, the officer had a legitimate reason to suspect the presence of a firearm. Thus, to ensure his safety he properly inspected the remaining contents of the bag, resulting in discovery of the weapons.

The People's renunciation of the statutory presumption did not warrant dismissal of the indictment. By pleading guilty, defendant has waived his present challenge to the sufficiency of the evidence before the Grand Jury (*see, People v Pelchat*, 62 NY2d 97, 108). This case does not present the rare exception where a defendant's evidentiary challenge would survive his guilty plea because an alleged defect might impair the integrity of the Grand Jury process. Concur—Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ.

Nardelli, J., concurs in a memorandum as follows: I agree with the conclusion of the majority that the hearing court properly denied defendant's motion to suppress on the merits. I also agree that the People's renunciation of the statutory presumption did not warrant dismissal of the indictment and that by pleading guilty defendant waived his present challenge to the sufficiency of the evidence before the Grand Jury. However, I do not agree with defendant that the hearing court should not have permitted the prosecution to renounce reliance upon the statutory automobile presumption (Penal Law § 265.15 [3]) for the first time after the close of the suppression hearing.

The People's decision to waive the presumption was simply a tactical one. At the hearing, there was testimony from the cab driver that he *actually* observed the defendant enter the cab with the weapons. Accordingly, the People could have noted that defendant had no automatic standing since the *additional* evidence supported the charge *without* the use of the statutory presumption. Instead, they forthrightly disclaimed use of the presumption, which actually weakened their case. We must

not forget that if defendant had not pleaded guilty, upon the trial of the action, the People would have been bound by their waiver of the presumption that defendant, as an occupant of the automobile, possessed weapons found in the automobile. Thus, the People chose a course in which they had to prove "actual" possession by the testimony of the cab driver. This tactical choice made by the prosecutor a year after the Grand Jury presentation did not invalidate the evidence the Grand Jury had heard. Nor did it somehow deceive the Grand Jury. When the evidence was presented to the Grand Jury, the prosecutor *was* relying on the presumption and defendant does not show or even allege that there was a plan, conscious or otherwise, to disavow such presumption.