■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LORENZO, Appellant. [678 NYS2d 621] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered May 15, 1998, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree, and sentencing him to a prison term of 6 months concurrent with a term of 5 years probation, unanimously affirmed.

Defendant's suppression motion was properly denied. Following a valid vehicle stop and defendant's own conduct in voluntarily stepping out of his vehicle, the officer's inquiry into the bulge beneath his waistband was permissible (see, *People v Prochilo*, 41 NY2d 759; *People v De Bour*, 40 NY2d 210, 221), as was the officer's subsequent inquiry as to the contents of the brown paper bag that the defendant voluntarily handed him (see, *People v Diaz*, 232 AD2d 289; *People v Brunson*, 166 AD2d 204). These circumstances, at the very least, justified the officer's common-law inquiries. Concur—Lerner, P. J., Sullivan, Mazzarelli, Andrias and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BYRON HOLLAND, Appellant. [678 NYS2d 726] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered March 28, 1996, convicting defendant, upon his plea of guilty, of attempted robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 9 years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. The record establishes that the complainant pointed out to the police the specific taxicab in which his assailants had fled, and defendant's arguments to the contrary are based on a misreading of the record. Concur—Lerner, P. J., Sullivan, Mazzarelli, Andrias and Saxe, JJ.