[703 NYS2d 191]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEM-
ENT BRATHWAITE, Appellant.

Second Department, January 18, 2000

APPEARANCES OF COUNSEL

*Susan B. Marhoffer,* Mount Kisco, for appellant.

*Charles J. Hynes, District Attorney* of Kings County, Brooklyn (*Roseann B. MacKechnie* and *Monique Ferrell* of counsel; *Noelle Donovan* on the brief), for respondent.

## OPINION OF THE COURT

Mangano, P. J.

■■ The question to be answered on this appeal is whether, by executing a waiver of the right to appeal, the defendant waived appellate review of his claims that the Supreme Court erred in denying that branch of his omnibus motion which was to controvert a search warrant and to suppress evidence recovered pursuant to the warrant's execution, and that his sentence violates the constitutional proscription against cruel and unusual punishment (NY Const, art I, § 5; US Const 8th, 14th Amends). In our view, this question must be answered in the affirmative.

### I

Pursuant to a plea agreement, the defendant was convicted of criminal possession of a controlled substance in the second degree and was sentenced to a term of seven years to life imprisonment. In connection with his plea, the defendant executed a written waiver of his right to appeal, and he orally acknowledged that the waiver meant that he was giving up his right to appeal his case to "a higher court," and that his "case end[ed]" when the court imposed sentence on him.

On appeal, the defendant claims that the court improperly denied that branch of his omnibus motion which was to controvert the search warrant and suppress the evidence recovered thereunder, because the People failed to establish the informant's basis of knowledge and reliability pursuant to the *Aguilar-Spinelli* test (*see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410). The defendant also claims that his sentence violates the constitutional proscription against cruel and unusual punishment and is harsh and excessive. For the following reasons we decline to review these claims and affirm the judgment.

### II

Where a plea allocution demonstrates that a defendant knowingly, voluntarily, and intelligently waived the right to

appeal all aspects of the case, and no constitutional or statutory mandate or public policy concern prohibits its acceptance, the waiver will be upheld completely (*see, People v Muniz,* 91 NY2d 570, 575). A defendant may not waive his right to appellate review of certain claims, such as the constitutionally-protected right to a speedy trial, challenges to the legality of court-imposed sentences, and questions as to a defendant's competency to stand trial (*see, People v Muniz, supra; People v Allen,* 86 NY2d 599, 602). Nonetheless, other constitutional claims, such as a claim of double jeopardy, can be encompassed by the waiver, provided that the claims do not implicate a " 'larger societal interest in their correct resolution' " which " 'embrace[s] the reality of fairness in the process itself' " (*People v Allen, supra,* at 602-603; *see also, People v Callahan,* 80 NY2d 273, 280; *People v Seaberg,* 74 NY2d 1, 9; *People v Hidalgo,* 91 NY2d 733).

■ A defendant's general waiver of the right to appeal, as part of a negotiated plea agreement, can foreclose appellate review of an adverse suppression ruling, notwithstanding the statute which authorizes appellate review of such a ruling on an appeal from a judgment following the entry of a plea of guilty (*see, People v Kemp,* 94 NY2d 831; CPL 710.70 [2]). The waiver includes the right to appellate review of the suppression issue and no " 'particular litany' " is required to ensure that the general waiver includes the suppression ruling (*People v Kemp, supra,* at 831).

The ultimate goal of a motion to controvert a search warrant is to suppress the evidence which has been seized pursuant to the execution of the warrant. Previously, this Court has recognized that a defendant who specifically agrees to withdraw his pretrial motions, including a motion to controvert a search warrant, and to waive his right to appellate review of the determination of that motion, is foreclosed from raising any appellate claim concerning the pretrial ruling on that motion (*see, People v Pescatore,* 102 AD2d 834, 835). We find that a knowing, voluntary, and intelligent waiver of the right to appeal, intended to cover all aspects of the case, also precludes appellate review of a ruling concerning a defendant's pretrial motion to controvert a search warrant (*see, People v Kemp, supra; see also, People v Muniz, supra; People v Allen, supra; People v Seaberg, supra*).

Here, the defendant's plea and waiver of his right to appeal were knowingly, voluntarily, and intelligently made, and the waiver was intended to cover all aspects of the case. Accord-

ingly, that waiver includes the defendant's claim concerning the denial of that branch of his motion which was to controvert the search warrant and the evidence recovered thereunder.

## III

■ The defendant's waiver also encompasses his claim that the bargained-for sentence violates the constitutional proscription against cruel and unusual punishment.

A defendant who claims that a sentence constitutes cruel and unusual punishment may do so on the grounds that the sentence is facially invalid or that the sentence is invalid "as applied" to him or her (*see, People v Thompson,* 83 NY2d 477, 479; *People v Jones,* 39 NY2d 694, 696; *People v Broadie,* 37 NY2d 100, *cert denied* 423 US 950). A sentence may constitute cruel and unusual punishment by being " 'cruelly' excessive, that is, grossly disproportionate to the crime for which [it is] exacted" (*People v Thompson, supra,* at 479, quoting *People v Broadie, supra,* at 125).

In assessing whether a sentence is disproportionate to the crime, courts focus on a variety of objective factors, including the gravity of the offense in comparison to the same or similar crimes in this State and other jurisdictions, as well as the character of the offender and the gravity of the threat that he poses to society (*see, People v Thompson, supra,* at 480). The Court of Appeals has stated that regardless of its severity, a sentence of imprisonment that is within the statutory limits does not constitute cruel and unusual punishment in the constitutional sense, absent "exceptional circumstances" (*People v Jones, supra,* at 697).

Here, the defendant pleaded guilty to criminal possession of a controlled substance in the second degree, an A-II felony, in exchange for a sentence of seven years to life (*see,* Penal Law §§ 70.00, 220.18 [1]). The defendant does not claim that the sentence is illegal in the sense that it violates or exceeds the statutory scheme which sets forth the parameters of an appropriate sentence for this crime. What the defendant actually challenges is the severity of his sentence, and this claim can be waived (*see, People v Lococo,* 92 NY2d 825, 827; *People v La-Mountain,* 249 AD2d 584, 587). To the extent that the defendant claims that his sentence is harsh and excessive, his gen-

eral waiver also encompasses that claim (*see, People v Hidalgo,* 91 NY2d 733, *supra*). Therefore, the judgment is affirmed.

THOMPSON, ALTMAN AND LUCIANO, JJ., concur. Ordered that the judgment is affirmed.