■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID THORPE, Appellant. [767 NYS2d 848]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered August 13, 1997, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was acquitted at his first trial of intentional murder and criminal possession of a weapon in the second degree, but was convicted of depraved indifference murder. On a prior appeal, we found that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt, and that the verdict was not against the weight of the evidence, but reversed his conviction and remitted the matter for a new trial on the ground that the trial court (Browne, J.) had improperly excused two jurors during voir dire (*see People v Thorpe,* 223 AD2d 739, 740-741 [1996]).

The defendant subsequently moved, on the ground of collateral estoppel, to preclude the People upon retrial from introducing evidence that he possessed or fired a gun on the night the victim was killed. The defendant claimed that his acquittal of intentional murder and criminal possession of a weapon in the second degree showed that the jury necessarily rejected the evidence that he fired a gun during the evening the victim was shot and killed. His motion was denied. Thereafter, he pleaded guilty to manslaughter in the first degree, was promised the sentence later imposed, and waived his right to appeal.

The defendant's waiver of his right to appeal implicitly waived his constitutional claim to be free of double jeopardy which was presented by his motion to preclude the prosecution under the doctrine of collateral estoppel (*see People v Muniz,* 91 NY2d 570, 575 [1998]; *People v Allen,* 86 NY2d 599, 602-603 [1995]). The waiver of his right to appeal also served to waive his appellate claim that the sentence was excessive (*see People v Brathwaite,* 263 AD2d 89, 92-93 [2000]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are unpreserved for appellate review or without merit. Prudenti, P.J., Altman, Smith and Crane, JJ., concur.