■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY PARKS, Appellant. [802 NYS2d 693]—

Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered May 10, 2002, convicting defendant, upon his plea of guilty, of conspiracy in the second degree, and sentencing him to 5 to 15 years, to be served concurrently with previously imposed sentences in three other cases, unanimously affirmed.

Defendant's claim that his prior criminal act, which formed the basis of his previous youthful offender adjudication, could not be used as an overt act on the instant conspiracy charge, essentially attacks the legal sufficiency of the indictment, i.e., that the conspiracy charge is supported by an improper overt act. Such claim was waived by defendant's plea of guilty and waiver of the right to appeal (*see People v Allen*, 86 NY2d 599, 602-603 [1995]; *see also People v Muniz*, 91 NY2d 570, 575 [1998]; *People v Rodriguez*, 227 AD2d 206, 207 [1996], *lv denied* 88 NY2d 993 [1996]; *People v Hwi Jin An*, 253 AD2d 657 [1998], *lv denied* 92 NY2d 949 [1998]; *People v Simms*, 269 AD2d 788 [2000], *lv denied* 94 NY2d 952 [2000]). While defendant's claim that he should have been treated as a youthful offender pursuant to CPL 720.20 (2) is an attack on the legality of the sentence, and therefore could not be waived (*see Allen*, 86 NY2d at 602-603),

that statute does not apply to defendant's instant conspiracy conviction. First, defendant's prior charge ending in his adjudication as a youthful offender and the instant charge of conspiracy were not "set forth in separate counts of an accusatory instrument or set forth in two or more accusatory instruments consolidated for trial purposes" (CPL 720.20 [2]). Furthermore, defendant is not an "eligible youth" within the statute, because prior to the instant conspiracy conviction, he had been convicted of other felonies, and also adjudicated a youthful offender following conviction of a felony (CPL 720.10 [2] [b], [c]). Indeed, defendant, who admitted in his plea to remaining part of the conspiracy after reaching the age of 19, is not even a "youth" under the statute (CPL 720.10 [1]). Concur—Buckley, P.J., Tom, Mazzarelli, Marlow and Catterson, JJ.