■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE BLACKETT, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVORY FIELDS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESGAR GRANT, Appellant. [839 NYS2d 11]—

Judgments, Supreme Court, New York County (Michael Ambrecht, J.), rendered January 4, 2006, convicting defendants, upon their pleas of guilty, of grand larceny in the first degree, and sentencing defendant Blackett to a term of 3 to 9 years, defendant Fields to a term of 5 to 15 years, and defendant Grant to a term of 4 to 12 years, unanimously affirmed.

Defendants made valid written waivers of the right to appeal. The waivers contained no limitations except for the standard list of issues, such as legality of sentence, that survive a waiver of the right to appeal (*see People v Muniz*, 91 NY2d 570, 575 [1998]). Therefore, it was unnecessary for defendants to specifically waive their right to challenge their sentences as harsh and excessive (*People v Hidalgo*, 91 NY2d 733, 737 [1998]). The fact that the court left the length of the sentences open did not undermine the validity of the waivers. "While defendant[s] did not know [their] specific sentence[s] at the time of the waiver, [they] did acknowledge the sentencing options the trial court could impose in its discretion" (*id.*). To the extent that defendants are challenging the clarity of the plea agreements or the voluntariness of their pleas, we find such claims without merit.

Defendants' valid waivers foreclose review of their excessive sentence claims (*see People v Lopez*, 6 NY3d 248 [2006]). In any event, were we to find that any defendant did not make a valid waiver of his right to appeal, we would find no basis to reduce the sentence. Concur—Sullivan, J.P., Nardelli, Buckley, Catterson and Kavanagh, JJ.