■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DEON CHEATHAM, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JEROME McDOWELL, Respondent. [863 NYS2d 407]—

Order, Supreme Court, New York County (Charles J. Tejada, J.), entered on or about May 5, 2006, which granted defendants' motions to suppress physical evidence and defendant Cheatham's motion to suppress statements and dismissed the indictment, unanimously reversed, on the law, defendant McDowell's

motion to suppress denied, defendant Cheatham's motion to suppress denied except to the extent it seeks to suppress statements as involuntary, the indictment reinstated and defendant Cheatham's motion to suppress remitted to Supreme Court for it to determine the voluntariness of his statements.

In his motion to suppress, defendant Cheatham relied solely on the statutory presumption (Penal Law § 220.25 [1]) in asserting his standing to challenge the search of the vehicle in which he and defendant McDowell were passengers. For his part, McDowell made no factual assertions bearing on his standing in his motion to suppress. Although the People appear not to have addressed the issue of standing in their written responses to the motions to suppress, the prosecutor stated at the outset of the suppression hearing that he was not conceding standing and took the position that defendants "have to prove standing in the case." Defendants did not take issue before Supreme Court, and do not on this appeal, with the adequacy or timeliness of the People's contention that they lack standing. As discussed below, we conclude that the court improperly granted the suppression motions as each defendant failed to establish standing to challenge the search.

In this case, the police lawfully stopped the vehicle in which defendants were riding as passengers after the driver changed lanes without signaling (see People v Rice, 44 AD3d 247 [2007], lv denied 9 NY3d 992 [2007]), and removed the three occupants from the vehicle. Of course, defendants do have standing to challenge the stop of the vehicle (People v Millan, 69 NY2d 514, 520 [1987]) but, as defendants concede, the court's conclusion that the stop was unlawful is inconsistent with our holding in Rice, which was decided after the court granted the motion to suppress.

The police thereafter recovered a quantity of cocaine from the right front door pocket of the car. Both defendants were arrested and defendant Cheatham later made both an oral and a written statement at the precinct. Cheatham said that he had come to New York with his friend to buy cocaine, "hooked up with a guy at 151st Street," ordered an ounce of cocaine, paid $600 and returned to the vehicle and placed the drugs in the map compartment on the front passenger door. The People contend that both defendants first must establish standing to challenge the search and seizure because the case against them is not based solely on the statutory presumption of possession. Rather, with respect to Cheatham, the People state that they intend to rely on Cheatham's oral and written statements and testimony that he was seated next to the door where the cocaine

was found. With respect to McDowell, the People state that they will rely on testimony that after the officers activated the lights and siren, McDowell turned and looked at the police and then turned back and "dip[ped] his whole body from his waist down . . . so that he was underneath the seat area, or his hands were by his feet area," and that he remained in that position, moving around, for at least 20 to 25 seconds before he "pop[ped] back up" as the officers approached the car. The People assert that it is reasonable to infer that McDowell was passing the cocaine up to Cheatham in the front seat or attempting to conceal it. For the reasons that follow, we conclude that the People are correct that neither defendant has "automatic standing" as the case against each does not depend entirely upon the statutory presumption.

The general rule is that a defendant "seeking to challenge a search and seizure [can]not rest upon the fact that the People had charged possession," but must "demonstrate a personal legitimate expectation of privacy in the searched premises" in order to establish standing (*People v Wesley*, 73 NY2d 351, 357 [1989]; *see Rakas v Illinois*, 439 US 128, 148-149 [1978]). The defendant has the burden of demonstrating his or her constitutional interest in seeking suppression (*People v Ponder*, 54 NY2d 160 [1981]).

The Court of Appeals in *People v Millan* (*supra*) recognized an exception to this standing requirement where the People charge the defendant with possession solely on the basis of the statutory presumption that allows a defendant to be convicted based on his or her mere presence in the automobile or room in which contraband is found (Penal Law §§ 220.25 [narcotics], 265.15 [weapons]). The *Millan* Court held, as a matter of fundamental fairness, that a defendant charged with actual possession solely on the basis of a statutory presumption has "automatic standing" to challenge the legality of a search. The "critical factor" (69 NY2d at 518) in the Court's holding was that the charged crime was founded "only" (*id.* at 519) on the statutory presumption. Indeed, the Court stressed two more times that its holding was limited to cases in which the prosecution's case is based "solely" or "entirely" on the presumption (*id.*). Clearly, we must give effect to this unequivocal statement of the Court's holding. The fatal flaw in defendants' position is that it requires us to disregard that unequivocal statement.

In *People v Wesley*, the Court reiterated the foundation of the *Millan* exception: "In *Millan* we were concerned with the unfairness created by a particular category of cases—those in

which the legal fiction of Penal Law § 265.15 (3) was *alone* both probable cause to arrest and sufficient to satisfy the People's burden of proof of possession of a gun *merely* because of the circumstance of the defendant's presence in the automobile where the weapon was found . . . To deny standing in such circumstances created an anomaly we addressed in *Millan,* by holding that defendants arrested and charged on the basis of Penal Law § 265.15 (3) have a right to contest the legality of the search of an automobile that the statute transformed through a legal fiction into an extension of their persons" (73 NY2d at 361 [emphasis added]). The narrow exception recognized in *Millan* for cases in which the People rely exclusively on the statutory presumption has not been extended to cases based on "ordinary constructive possession principles" (*People v Tejada,* 81 NY2d 861, 862 [1993], citing, among other cases, *Wesley,* 73 NY2d at 357). The exception applies "only where the criminal possessory charge is rooted *solely* in a statutory presumption attributing possession to a defendant" (*id.* at 863).

Defendants' mere presence in the car provides a basis for charging them with possession under the automobile presumption (Penal Law § 220.25 [1]). However, the People assert that at trial they will not rely solely on the statutory presumption, i.e., they will not seek "to satisfy [their] burden of proof of possession . . . merely because of the . . . defendant[s'] presence in the automobile where the [cocaine] was found" (*Wesley,* 73 NY2d at 361). Rather, with respect to Cheatham, they assert that they will rely as well on his statements and his close proximity to the drugs. We need not discuss Cheatham's proximity to the drugs. If the testimony that Cheatham made the statements is credited by the jury, the People will thus have proved Cheatham's actual possession of the cocaine. With respect to McDowell, the People assert that they will rely as well on his movements in the back seat after looking at the police car. If the testimony about that conduct is credited by the jury, the People will thus have either have proved McDowell's actual possession or will have adduced evidence tending to prove that he was in constructive possession of the cocaine, i.e., that he "exercised dominion and control over the place where [the] contraband was seized" (*People v Manini,* 79 NY2d 561, 573 [1992]).

We do not hold that the People can avoid the automatic standing rule of *Millan* by pointing to some irrelevant fact or by resort to speculation. Rather, we give meaning to the unequivocal statement of the holding in *Millan* by holding that where, as here, the People rely on more than the defendant's mere pres-

ence in an automobile (or room) and assert that they will offer evidence reasonably tending to show the defendant's actual or constructive possession of the contraband, the People do not rely "solely" on the applicable statutory presumption and the *Millan* exception does not apply. We emphasize, too, that our holding does not mean that whenever the People do not rely "solely" on the statutory presumption, the defendant loses the right to contest the constitutionality of the search. Rather, our holding means only that such a defendant must shoulder the burden that a person charged with a crime otherwise must bear, that of "demonstrat[ing] a personal legitimate expectation of privacy in the searched premises" (*People v Wesley*, 73 NY2d at 357).

Our holding, moreover, is in accord not only with a decision of this Court, *People v Sullivan* (258 AD2d 344, 344-345 [1999], *lv denied* 93 NY2d 979 [1999]), but with decisions of the Second and Fourth Departments, *People v Ballard* (16 AD3d 697, 698 [2d Dept 2005], *lv denied* 5 NY3d 759 [2005]) and *People v Hooks* (258 AD2d 954 [4th Dept 1999], *lv denied* 93 NY2d 972 [1999]). We merely build upon those decisions by holding that the People must point to evidence reasonably tending to show the defendant's actual or constructive possession of the contraband.

We leave for another day the issue of what the appropriate remedy might be in the event of a failure of proof by the People at trial that leaves their case resting solely on the statutory presumption. Without deciding the matter, however, we note that "under CPL 255.20 (3), even after the trial has begun, the trial court must entertain a belated motion if it is 'based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised' within the specified time limits of CPL 255.20 (1) and (2)" (*People v Jian Jing Huang*, 248 AD2d 73, 76 [1998], *lv denied* 93 NY2d 875 [1999]). Moreover, as this Court immediately went on to state in *Huang*, "even if these exceptions do not apply, the trial court 'in the interest of justice, and for good cause shown, may, in its discretion, at any time before sentence, entertain and dispose of the motion on the merits' " (*id.*, quoting CPL 255.20 [3]; *see also* CPL 710.40 [4]).

Cheatham asks that we disregard the statements he allegedly made at the precinct on the ground that they are the fruits of an unconstitutional search, even though the issue in dispute is his standing to contest the search of the car. Thus, he argues that "it turns *Millan* on its head to say . . . that [his] subsequently obtained precinct statement[s] deprived him of his

right to challenge the very violation from which the statement[s] derived." Although Cheatham cannot invoke the "automatic standing" of *Millan* because the People at trial will be relying in part on his statements, the making of the statements do not deprive him of the right to seek to establish his standing by "demonstrat[ing] a personal legitimate expectation of privacy in the searched premises" (*Wesley*, 73 NY2d at 357). Moreover, contrary to Cheatham's argument, the legality of a search cannot be determined without regard to his standing. A search is unconstitutional not in the abstract but only to the extent it impermissibly infringes on the particular defendant's reasonable expectation of privacy (*United States v Payner*, 447 US 727, 731 [1980] ["the defendant's Fourth Amendment rights are violated only when the challenged conduct invaded *his* legitimate expectation of privacy rather than that of a third party"]).

Finally, we note that given its conclusions that the stop and the search of the vehicle were unlawful, the court did not reach the issue of the voluntariness of Cheatham's statements. Accordingly, we remit his motion to suppress to Supreme Court for the limited purpose of making findings of fact and conclusions of law with respect to the voluntariness of his statements and otherwise remand for further proceedings on the indictment. Concur—Gonzalez, J.P., Catterson, McGuire and Moskowitz, JJ.