■ The People of the State of New York, Respondent, v Dominique Joseph, Appellant. [883 NYS2d 3]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J., at suppression hearing; Michael J. Obus, J., at plea and sentence), rendered January 17, 2008, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of three years, unanimously affirmed.

The court properly denied defendant's suppression motion. The court properly determined that defendant lacked standing to challenge the search of the livery cab in which he was a passenger. Defendant was not entitled to rely on the automatic standing exception announced in *People v Millan* (69 NY2d 514 [1987]) since the People did not rely solely on the statutory presumption contained in Penal Law § 265.15 (3) to establish his guilt (*see People v Cheatham*, 54 AD3d 297 [2008], *lv denied* 11 NY3d 854 [2008]), but also relied on evidence that defendant pushed the bag containing the weapon off the seat onto the floor of the cab. The People therefore established defendant's actual exercise of dominion and control over the gun and did not solely rely on the statutory presumption. Since defendant failed to establish that he had a legitimate expectation of privacy in the cab (*see People v Wesley*, 73 NY2d 351 [1989]), he lacked standing to challenge the search. In any event, the record also supports the court's alternative finding that the search and seizure was lawful. Concur—Tom, J.P., Saxe, Sweeny, Acosta and Abdus-Salaam, JJ.