■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX APONTE, Appellant. [954 NYS2d 78]—

Order, Supreme Court, New York County (Bruce Allen, J.), issued on or about May 12, 2010, which denied defendant's CPL 440.10 motion to set aside a resentence of the same court and Justice, rendered June 20, 2008, resentencing defendant to a term of eight years with three years' postrelease supervision, unanimously reversed, on the law, the motion granted, and the original sentence of eight years without postrelease supervision reinstated.

Although defendant's original sentence in 2000 unlawfully omitted postrelease supervision (PRS), the 2008 resentence adding PRS was also unlawful because defendant had already completed his entire sentence (*see People v Williams*, 14 NY3d 198, 217 [2010]).

In connection with the resentencing, defendant negotiated a particular term of PRS and waived his right to appeal. However, the waiver does not foreclose defendant's present claim. The addition of PRS after defendant had completed his original sentence produced a substantively unlawful sentence; that is, a sentence that the court had no power to impose. A defendant cannot validly consent to such a sentence, and the right to challenge such a sentence cannot be waived (*see People v Seaberg*, 74 NY2d 1, 9 [1989]).

Although *Williams* was grounded in double jeopardy concerns, a double jeopardy violation that renders a sentence unlawful is distinguishable from the kind of double jeopardy violation that may be expressly waived, because different societal interests are involved (*see People v Allen*, 86 NY2d 599, 602-603 [1995]). In

any event, the record does not establish an express waiver of defendant's double jeopardy rights at the time of the resentencing.

The People's remaining arguments are unpreserved and without merit. Concur—Tom, J.P., Andrias, Saxe, Acosta and Freedman, JJ.