■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESEAN ANDERSON, Appellant. [987 NYS2d 252]—

McCarthy, J. Appeal from a judgment of the Supreme Court (Breslin, J.), rendered June 14, 2012 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.

After a confidential informant (hereinafter CI) notified the police that defendant had a gun and was in a green BMW at a certain location, the police began looking for that vehicle and defendant. One officer saw defendant in the green BMW and others followed the vehicle, but when they found it parked the driver had fled. The police determined that the unsecured vehicle needed to be towed, so they conducted an inventory search. During that search, they discovered a loaded handgun in the trunk.

The People obtained an indictment charging defendant with criminal possession of a weapon in the second and third degrees. Following a hearing, Supreme Court denied defendant's suppression motion. Defendant pleaded guilty to one count of criminal possession of a weapon in the second degree in satisfaction of the indictment and other pending charges, which included attempted murder. The court sentenced him, in accordance with the plea agreement and as a second violent felony offender, to 12 years in prison followed by five years of postrelease supervision. Defendant appeals.

Initially, we agree with defendant's assertion that he did not validly waive his right to appeal. The record does not establish that defendant entered the waiver knowingly, intelligently and voluntarily, as it is unclear whether he "comprehend[ed] that an appeal waiver 'is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Bradshaw*, 18 NY3d 257, 264 [2011], quoting *People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Bressard*, 112 AD3d 988, 988

[2013], *lv denied* 22 NY3d 1137 [2014]; *People v Bouton*, 107 AD3d 1035, 1036 [2013], *lv denied* 21 NY3d 1072 [2013]). We must, therefore, address his other arguments.

Supreme Court properly determined that defendant did not have standing to challenge the search of the vehicle and the seizure of the handgun. A defendant seeking to suppress evidence has the burden to allege and, if disputed, establish standing to challenge a search (*see People v Carter*, 86 NY2d 721, 722-723 [1995]). "Standing exists where a defendant was aggrieved by a search of a place or object in which he or she had a legitimate expectation of privacy" (*People v Burton*, 6 NY3d 584, 587 [2006] [citation omitted]). While a defendant is entitled to "automatic standing" if the People "rely solely on the statutory presumption [of possession of a weapon] contained in Penal Law § 265.15 (3) to establish his [or her] guilt" (*People v Joseph*, 63 AD3d 420, 421 [2009]; *see People v Millan*, 69 NY2d 514, 519 [1987]; *People v Cheatham*, 54 AD3d 297, 300 [2008], *lv denied* 11 NY3d 854 [2008]), defendant here cannot rely on that exception to his burden regarding standing. The People did not depend entirely upon the statutory presumption of standing, but had other evidence, including one officer who witnessed defendant driving the vehicle and the CI who provided information that defendant had a handgun in the vehicle and where within the vehicle the gun would be located (*see People v Joseph*, 63 AD3d at 421; *People v Cheatham*, 54 AD3d at 300-301; *compare People v Rodriguez*, 303 AD2d 783, 783 [2003]). Inasmuch as defendant did not own the BMW and denied that he was driving it on the day in question, he failed to allege any legitimate expectation of privacy in that vehicle. Thus, as he failed to allege or establish standing to challenge the search, the court properly denied his suppression motion.

Supreme Court conducted an appropriate searching inquiry into defendant's request to proceed pro se at the suppression hearing, assuring that his decision to proceed without counsel was unequivocal, competent, intelligent and voluntary (*see People v Crampe*, 17 NY3d 469, 481 [2011]; *People v Atkinson*, 111 AD3d 1061, 1062 [2013]; *People v Kulakov*, 72 AD3d 1271, 1273 [2010], *lv denied* 15 NY3d 775 [2010]). Defendant's remaining contentions are without merit.

Stein, J.P., Rose and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.