■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ENCARNACION-CROSS, Appellant. [17 NYS3d 291]—

Judgment, Supreme Court, New York County (Renee A. White, J., at motions; Rena K. Uviller, J., at jury trial and sentencing), rendered November 21, 2013, convicting defendant of criminal possession of a controlled substance in the first degree, and sentencing him to a term of eight years, unanimously affirmed.

The court properly denied defendant's suppression motion on the ground that he lacked standing to challenge the search of the livery cab in which he was a passenger. Defendant provided no sworn allegations of fact to establish he had a reasonable expectation of privacy in the back seat of the cab, where the police found a bag containing drugs. The automatic standing rule set forth in *People v Millan* (69 NY2d 514 [1987]) did not apply, because since the People did not, at any stage of the proceedings, rely solely on the automobile presumption contained in Penal Law § 265.15 (3) to establish defendant's guilt (*see People v Cheatham*, 54 AD3d 297 [2008], *lv denied* 11 NY3d 854 [2008]). Moreover, at trial the People did not rely on the presumption at all, and the court gave no such instruction to the jury.

Defendant did not preserve his claims regarding events that transpired during jury deliberations, and there were no mode of proceedings errors exempt from preservation requirements (*see People v Hanley*, 20 NY3d 601, 604-605 [2013]; *People v Agramonte*, 87 NY2d 765, 770 [1996]). We decline to review these unpreserved claims in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Richter and Manzanet-Daniels, JJ.