People v Perry (2018 NY Slip Op 05607)





People v Perry


2018 NY Slip Op 05607


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-04065
 (Ind. No. 7203/14)

[*1]The People of the State of New York, respondent,
v
Mark Perry, appellant.


The Legal Aid Society, New York, NY (Ronald Alfano of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel; Masha Simonova on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Raymond Guzman, J.), rendered March 18, 2016, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and the defendant's statement to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was charged with various crimes arising from his possession of a loaded pistol. He moved to suppress the pistol and a statement he made to police officers, arguing that the police lacked probable cause to arrest him. After a hearing, his motion was denied. The defendant pleaded guilty to criminal possession of a weapon in the second degree in exchange for the Supreme Court's conditional promise to impose a particular sentence. As part of his plea agreement, the defendant waived his right to appeal.
The defendant's unrestricted waiver of the right to appeal was knowing, voluntary, and intelligent, and it bars review of the defendant's claim that the Supreme Court erred in denying those branches of his motion which were to suppress the evidence recovered from him and his statement to the police officers who arrested him (see People v Muniz, 91 NY2d 570, 574; People v Corbin, 121 AD3d 803, 804; People v Gaskin, 95 AD3d 902, 902).
MASTRO, J.P., BALKIN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court