People v Mahoney (2018 NY Slip Op 06941)





People v Mahoney


2018 NY Slip Op 06941


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2016-08724
 (Ind. No. 2088/14)

[*1]The People of the State of New York, respondent,
v
Timothy M. Mahoney, appellant.


Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP, Uniondale, NY (Peter Basil Skelos and Michael A. Ciaffa of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Merri Turk Lasky, and John F. McGoldrick of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robert A. Schwartz, J.), rendered August 3, 2016, convicting him of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
At a suppression hearing, the arresting officer testified that he observed the defendant from approximately 50 feet away as the defendant appeared to be urinating on the sidewalk. The defendant proceeded to walk away, and the officer confirmed the presence of a wet spot on the sidewalk where the defendant had stood moments before. The officer then stopped the defendant as he was entering a taxicab, intending to issue him a summons for public urination. As the defendant was about to sit down in the rear driver's side of the taxicab, the officer observed, through the open door of the vehicle, the defendant removing a black firearm from his waistband and bending down. At that point, the officer asked the defendant to show his hands, placed him in handcuffs, and recovered the black firearm from the floorboard underneath the driver's seat of the taxicab.
The defendant contends that the hearing court should have suppressed the firearm and his subsequent statements to law enforcement officials as the product of an unlawful stop and seizure. We disagree.
As a threshold matter, the defendant's contention that the police lacked probable cause to arrest him is only partially preserved for appellate review since some of the specific arguments he now makes were not raised before the hearing court (see CPL 470.05[2]; People v Volpe, 60 NY2d 803, 804-805; People v Bebeck, 258 AD2d 660; People v Walker, 251 AD2d 356). In any event, the contention is without merit. At the time of the defendant's arrest in July 2014, public urination was an unclassified misdemeanor in violation of New York City Health Code (24 RCNY) § 153.09 (see Penal Law § 55.10[2][b]; NY City Charter § 558[e]; Matter of Daverus McQ., 309 AD2d 752). At a minimum, the officer's observation of the defendant appearing to urinate on the sidewalk, coupled with the presence of a wet spot on the sidewalk where the defendant had stood [*2]moments before, provided the officer with reasonable suspicion to stop the defendant as he was in the process of getting into the taxicab (see People v Williams, 73 AD3d 1097, 1098-1099). Thereafter, the officer's observation of the defendant removing a firearm from his waistband provided probable cause to arrest him (see People v Chambers, 18 AD3d 571, 572; People v Gamble, 267 AD2d 400).
Contrary to the defendant's contention, there is no basis in the record to disturb the hearing court's determination that the arresting officer's testimony was credible. Although there were inconsistencies in the officer's testimony, these inconsistencies did not render the officer's testimony incredible (see People v Granger, 122 AD3d 940; Matter of Stephen O., 47 AD3d 719, 719; People v Gamble, 267 AD2d 400; compare People v Glenn, 53 AD3d 622, 624-625, with People v Lebron, 184 AD2d 784, 784-785).
In light of our determination that the officer had probable cause to arrest the defendant upon the officer's observation of the defendant removing the firearm from his waistband, and therefore, that the search and the seizure of the firearm was incidental to, and part of, a lawful arrest, we need not reach the defendant's further contention regarding his standing to challenge the recovery of the firearm from the taxicab's floorboard (see People v Quinones, 33 NY2d 811). The recovery of the firearm was proper whether the defendant had standing to contest it (see People v Hwi Jin An, 253 AD2d 657, 658) or not (see People v Joseph, 63 AD3d 420, 421).
The defendant asserts no independent ground for the suppression of his statements to law enforcement officials.
Accordingly, we agree with the hearing court's denial of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
SCHEINKMAN, P.J., RIVERA, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court