■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE T. WILLIAMS, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered July 6, 1981, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the first degree. As a result of defendant's alleged possession of a stolen 1965 Corvette motor vehicle on May 29, 1980, he was indicted for the crime of criminal possession of stolen property in the first degree, a class D felony (Penal Law, § 165.50). There followed a hearing upon defendant's motion to suppress the use of

certain evidence, to wit, a signed statement he gave to the police and the Corvette seized by the police. At the conclusion of the hearing, the motion was denied, and defendant subsequently pleaded guilty to the charge in the indictment. He was sentenced, as a second felony offender, to a term of two to four years, and the present appeal ensued. We hold that the challenged judgment should be affirmed and, in so ruling, find without merit defendant's contention that the court erred when it refused to suppress the use as evidence of the Corvette seized by the police. Ample evidence in the record supports the court's ruling that defendant's mother, with whom he resided at the premises searched, freely and voluntarily consented to the search which resulted in the discovery of the stolen automobile (cf. *People v Cosme,* 48 NY2d 286), and furthermore, it appears that defendant lacked standing to challenge the constitutionality of the search in that it was conducted in the fields around the residence and not in an area where defendant would have had a reasonable expectation of privacy (cf. *Katz v United States,* 389 US 347). Defendant's remaining contentions are similarly lacking in substance. At the time defendant gave his statement to the police he could properly waive his right to counsel in the absence of counsel because the criminal action had not yet been commenced and there had been no judicial intervention into the matter (see *People v Samuels,* 49 NY2d 218). Additionally, the record is devoid of support for his claims that the Ulster County Court lacked jurisdiction over the action and that the charge against him was dismissed in Town Court and later reinstated by indictment. Lastly, by his guilty plea defendant waived his right to assert that he was entitled to a dismissal because the People were not ready for trial within the time provided in CPL 30.30 (*People v Thill,* 52 NY2d 1020). Judgment affirmed. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.