■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH G. HOPE, Appellant.—Mahoney, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered April 11, 1991, upon a verdict convicting defendant of the crimes of vehicular manslaughter in the second degree (two counts), vehicular assault in the second degree (three counts), driving while intoxicated and aggravated unlicensed operation in the third degree.

This appeal arises out of a 1989 accident on Central Avenue in the Town of Colonie, Albany County, when, during what developed into a physical altercation in a vehicle operated by defendant between him and the front seat passenger, Raymond Jewett, the vehicle veered into the oncoming lane and struck an automobile driven by Susan Esposito. Esposito and her infant daughter Sabrina were injured; Esposito's five-year-old son and four-year-old niece died as a result of injuries sustained in the accident. Subsequently, separate multicount indictments were handed up against defendant and Jewett charging both with various counts of manslaughter and assault in the second degree, criminally negligent homicide and reckless endangerment. Defendant, as driver, was also charged

with two counts of vehicular manslaughter in the second degree, three counts of vehicular assault in the second degree, driving while intoxicated (hereinafter DWI), operating a motor vehicle while ability impaired (hereinafter DWAI), operating a motor vehicle while impaired by drugs (hereinafter DWI-drugs) and aggravated unlicensed operation in the third degree. Prior to trial County Court, over objection of defendant, granted the prosecution's motion to consolidate the two indictments for trial.

As presented at trial, the essential facts leading up to the accident were not in dispute. Defendant, Jewett and two back seat passengers, Kevin Curren and Mary Breen, were traveling eastbound on Central Avenue. Discontent on the part of Jewett due to an earlier incident flared up in the vehicle and culminated in Jewett striking defendant while he was driving. What was disputed between the two was whose actions caused the accident. Defendant raised in defense that Jewett's strike caused him to lose control of the vehicle; Jewett predicated his defense upon the theory that not his strike, but defendant's voluntary reaction to it, namely, letting go of the wheel and taking his eyes off the road in an effort to hit Jewett back, caused the loss of control and subsequent collision. The perceived antagonism of these two defenses led counsel for both defendant and Jewett to move for severance during trial. Apparently considering itself bound by its earlier consolidation order, County Court denied the motions.

At the conclusion of the evidence, the jury returned a verdict exonerating Jewett of all but the reckless endangerment charges. Defendant was found guilty of the vehicular manslaughter and vehicular assault counts, the DWAI charge and the aggravated unlicensed operation charge, but exonerated of the DWI and DWI-drugs charges. Recognizing that, as to defendant, the jury's verdict of guilty on the vehicular manslaughter and vehicular assault charges was incompatible with its not guilty verdict of the DWI or DWI-drugs charges, inasmuch as intoxication is a necessary element of the vehicular charges, County Court, with the consent of all counsel, resubmitted the matter to the jury for reconsideration. The jury subsequently returned a verdict finding defendant guilty of the DWI charge and all charged counts of vehicular manslaughter in the second degree. The guilty verdict as to the vehicular assault in the second degree charges was thereafter reaffirmed. Defendant appeals.

Initially, we disagree with defendant's contention that County Court abused its discretion in refusing to sever his

trial from that of Jewett. In situations such as this, where the proof against the codefendants is supplied by the same evidence, only the most cogent reasons warrant a severance *(see, People v Bornholdt,* 33 NY2d 75, 87, *cert denied sub nom. Victory v New York,* 416 US 905). The benchmark for severance is prejudice. Where, as here, severance is sought due to the assertedly antagonistic position of a codefendant, the Court of Appeals instructs that a two-pronged test is to be applied in determining whether sufficient prejudice exists to necessitate a severance *(People v Mahboubian,* 74 NY2d 174). Under this test, a defendant bears the burden of proving that (1) the core of his or her defense is in irreconcilable conflict, i.e., logically inconsistent, with the defense propounded by the jointly tried codefendant, and (2) there is a significant danger that, as both defenses are portrayed during trial, the conflict alone would lead the jury unjustifiably to infer the defendant's guilt simply from the conflicting defenses, i.e., to conclude by virtue of the conflict itself that both defenses are incredible and to give undue weight to the prosecution's evidence *(supra,* at 184).

Even assuming that the core of defendant's and Jewett's defenses on the issue of causation are antagonistic, thus satisfying the first prong of the test established in *People v Mahboubian (supra),* upon reviewing the trial record in retrospect, as is our duty *(supra,* at 185), we cannot say that a joint trial in this instance affected the verdict to the degree required to meet the second prong of the test. There is absolutely no indication in the trial record that defendant's conviction occurred merely due to the conflict of the defenses. The evidence adduced by the prosecution from Curren and Breen on the issue of causation and from its cross-examination of defendant, who testified on his own behalf, overwhelmingly established that the vehicle crossed over into the oncoming lane when defendant pushed or swung out against Jewett in apparent retaliation for Jewett's initial blow. Nor do we find that the cross-examination of defendant, Curren and Breen by Jewett's counsel rose to the level found prejudicial in *People v Cardwell* (78 NY2d 996). While counsel strenuously cross-examined these witnesses and elicited some evidence damaging to defendant's defense that was not uncovered by the prosecution, in view of the strength of the prosecution's evidence we cannot say that this additional damaging evidence created the sort of compelling prejudice required for reversal *(see, supra; cf., People v Cruz,* 66 NY2d 61, *revd on other grounds* 481 US 186; *People v Chaplin,* 181 AD2d 828, *lv denied* 79 NY2d 1047).

We have reviewed defendant's remaining contentions and find them to be without merit. While certain of the rebuttal testimony adduced by the prosecution regarding statements made by defendant to a paramedic at the accident scene indicating defendant's asserted lack of sympathy for the victims was improper, upon review of the record as a whole we are not persuaded that there is a significant probability that, but for this error, defendant would have been acquitted. Accordingly, a new trial is not warranted on this basis (see, *People v Crimmins,* 36 NY2d 230, 242). With respect to defendant's arguments regarding the propriety of County Court's action in resubmitting the matter to the jury upon its rendition of the initial inconsistent verdict and the correctness of the counts resubmitted, his failure to object to these alleged errors prior to discharge of the jury operates as a waiver (see, *People v Quilles,* 48 AD2d 933; *cf., People v Satloff,* 56 NY2d 745; *People v Powell,* 171 AD2d 1026). We disagree that defendant's postverdict reservation of a future date on which to make motions operated to extend his time to make objections to the resubmission or the resubmission procedure until that future date.

Weiss, P. J., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).