*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 18, 2015                    106432
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

ELIZABETH D. MINOR,
                        Appellant.
_____

Calendar Date:  April 21, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Rose, JJ.

                        _____


        Pamela B. Bleiwas, Ithaca, for appellant.

        Gwen Wilkinson, District Attorney, Ithaca (Gary U. Surdell
of counsel), for respondent.

                        _____


Lahtinen, J.P.

        Appeal from a judgment of the County Court of Tompkins
County (Rossiter, J.), rendered July 12, 2013, upon a verdict
convicting defendant of the crimes of robbery in the second
degree (two counts), petit larceny and conspiracy in the fourth
degree.

        Defendant and codefendant Jameel C. Melton entered the
victim's apartment in Tompkins County, where Melton pointed what
appeared to be a pistol at the victim's head while defendant
gathered cash and various other items belonging to the victim.
Both were soon arrested and charged with numerous crimes as a
result of their conduct.  Defendant's pretrial motion to sever
her trial from that of Melton was denied.  A joint trial ensued
resulting in a jury finding defendant guilty of robbery in the

first degree, robbery in the second degree, petit larceny and conspiracy in the fourth degree.  Thereafter, County Court granted defendant's CPL 330.30 motion, which was not opposed by the People, to reduce the conviction for robbery in the first degree to robbery in the second degree.  She was sentenced to concurrent terms on all counts, with the longest sentences of seven years in prison plus postrelease supervision on the two robbery counts.  Defendant appeals.

The verdict was not against the weight of the evidence.  In weight of the evidence analysis, where a different verdict would not have been unreasonable, we "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Bleakley, 69 NY2d 490, 495 [1987] [internal quotation marks and citations omitted]; accord People v Romero, 7 NY3d 633, 643 [2006]; see People v Kancharla, 23 NY3d 294, 303 [2014]).  Evidence at trial included that the victim and defendant had met on the prior evening and returned to the victim's apartment where the victim paid defendant for sex.  Before the transaction was completed, defendant left the apartment but told the victim that she would return.  When defendant returned, the victim opened the door to let her in the apartment, and Melton and an unidentified female then entered behind her.  Melton demanded to know where the victim kept his money and, when he denied having money in the apartment, Melton pointed a gun — later identified as an unloaded air gun — at the victim's head.  The victim then disclosed where the keys to his safe were located; defendant retrieved the keys, opened the safe and removed $175.  Additional items of the victim's personal property were placed in pillowcases by defendant.  Defendant and Melton then fled; the unidentified female who had accompanied them had left earlier.

Defendant asserts that the weight of the evidence establishes that she acted under duress (see Penal Law § 40.00).  However, for tactical reasons, defendant had not pursued this defense at trial nor requested a jury charge regarding duress because of concern that pursuing such a defense would have opened the door for the People to present evidence of defendant's criminal history (see People v Calvano, 30 NY2d 199, 205 [1972];

People v Urbaez, 219 AD2d 568, 568 [1995], lv denied 87 NY2d 908 [1995]).  In any event, the evidence that Melton pointed his gun in defendant's general direction for a "split second" when giving her directions and that she briefly apologized to the victim when leaving does not convince us that the weight of the evidence established duress.  After viewing the proof in a neutral light while giving deference to the jury's credibility determinations (see e.g. People v Rivera, 124 AD3d 1070, 1073-1074 [2015]; People v Lloyd, 118 AD3d 1117, 1121 [2014], lv denied 25 NY3d 951 [2015]), we are unpersuaded that the jury's verdict was against the weight of the evidence as to any of the crimes of which defendant was convicted.

County Court did not err in denying defendant's motion for a separate trial from Melton.  A court, "in its discretion for good cause shown, may grant a separate trial based upon its determination that a joint trial will yield undue prejudice to a defendant" (People v Melendez, 285 AD2d 819, 822 [2001], lv denied 97 NY2d 731 [2002]; see People v Thompson, 79 AD3d 1269, 1271-1272 [2010]).  Where the "proof against both defendants is supplied to a great extent by the same evidence, only the most cogent reasons warrant a severance" (People v Melendez, 285 AD2d at 822; accord People v Mahboubian, 74 NY2d 174, 183 [1989]).  Initially, we note that the basis asserted for severance by defendant on appeal was not advanced before County Court and thus is not properly before us (see People v Hall, 48 AD3d 1032, 1033 [2008], lv denied 11 NY3d 789 [2008]).  In any event, the record does not reveal undue prejudice to defendant in a joint trial, and County Court did not abuse its discretion in denying defendant's motion for severance (see e.g. People v Thompson, 79 AD3d at 1271-1272).

McCarthy, Garry and Rose, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court