■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN M. SLAUGHTER, Appellant. [55 NYS3d 473]—

Clark, J. Appeal from a judgment of the County Court of Otsego County (Burns, J.), rendered March 6, 2015, convicting defendant following a nonjury trial of the crime of criminal possession of a controlled substance in the third degree.

On November 20, 2013, after law enforcement stopped the vehicle in which he was a passenger, defendant was found to be in possession of a large amount of cash and his codefendant was found to be in possession of 57 glassine envelopes containing heroin. Defendant was subsequently charged by indictment with one count of criminal possession of a controlled substance in the third degree under a theory of accomplice liability. Following a nonjury trial, defendant was convicted as charged and sentenced, as a second felony drug offender, to seven years in prison, to be followed by three years of postrelease supervision. Defendant now appeals, and we affirm.

Defendant argues that his conviction was against the weight of the evidence because it hinged on the testimony of his codefendant. A conviction for criminal possession of a controlled substance in the third degree requires proof beyond a reasonable doubt that the defendant "knowingly and unlawfully possess[ed] . . . a narcotic drug with intent to sell it" (Penal Law § 220.16 [1]). Under a theory of accomplice liability, "[w]hen one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he [or she] solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct" (Penal Law § 20.00). "A defendant may not be convicted solely on the basis of accomplice testimony that lacks the support of 'corroborative evidence tending to connect the defendant with the commission of [the charged] offense'" (*People v Rodriguez*, 121 AD3d 1435, 1439 [2014], *lv denied* 24 NY3d 1122 [2015], quoting CPL 60.22 [1]; *see People v Malak*, 117 AD3d 1170, 1172 [2014], *lv denied* 24 NY3d 1086 [2014]). The corroborating evidence, however, need not prove that the defendant committed the charged crime; rather "[i]t is enough if it tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the [factfinder] that the accomplice is telling the truth" (*People v Reome*, 15 NY3d 188, 192 [2010]; *accord People v Sage*, 23 NY3d 16, 27 [2014]; *see People v Leduc*, 140 AD3d 1305, 1306 [2016], *lv denied* 28 NY3d 932 [2016]).

Here, the codefendant testified that he picked defendant up in the City of Utica, Oneida County on the day in question and drove him to various locations around the Town of Stamford,

Delaware County and the City of Oneonta, Otsego County so that defendant could sell heroin to local buyers. He stated that he served as defendant's "introduction person" to these local buyers and that he also conducted a sale on behalf of defendant in a Home Depot store, while defendant waited in the vehicle. He asserted that defendant provided him with the bundle of heroin that was to be sold and that he was given $150 in exchange for the bundle, which he turned over to defendant immediately upon returning to the vehicle. The codefendant stated that they were stopped by a law enforcement official shortly after pulling out of the Home Depot parking lot and that, in reaction, defendant "threw" the heroin onto the codefendant's lap, which he then hid on his person.

Contrary to defendant's contention, the codefendant's testimony was sufficiently corroborated. A local police investigator testified that he and a Drug Enforcement Administration (hereinafter DEA) agent were parked at Home Depot when he spotted the codefendant with an unknown male, later identified as defendant. The investigator stated that he and the DEA agent decided to surveil the pair, as he had previously received information from a reliable confidential informant that the codefendant and another male individual were in the area selling heroin. Both the investigator and the DEA agent testified that they then observed the codefendant enter Home Depot while defendant stayed behind, and that the codefendant returned to the vehicle roughly five minutes later. The investigator stated that he thereafter followed the codefendant's vehicle and that, after observing two traffic infractions, he initiated a traffic stop. As established by the investigator, the DEA agent and a third law enforcement official, the codefendant was found to be in possession of 57 glassine envelopes of heroin, and defendant was discovered with $1,305 in cash on his person, with a significant portion consisting of $20 bills—the going rate for a heroin bag in the area at that time. The DEA agent further testified that defendant stated that he may have seen the heroin in the console of the vehicle and that his fingerprints could be on the heroin bags because he had touched them at one point. Finally, two law enforcement officials testified that defendant and the codefendant gave inconsistent accounts to, among other things, how they knew each other, where they were earlier in the day and where they were headed.

Although the minimal accomplice corroboration requirement was satisfied, it would not have been unreasonable for County Court—the factfinder here—to have discredited the testimony given by the codefendant, who suffered from a heroin addiction

and was a convicted felon, and to thus have acquitted defendant of the charged crime. However, County Court found the codefendant's "testimony, on the whole, to be believable." According deference to County Court's credibility determinations, and having independently evaluated the evidence in a neutral light, we are satisfied that defendant's conviction for criminal possession of a controlled substance in the third degree under a theory of accomplice liability is supported by the weight of the credible evidence (*see People v Blackman*, 118 AD3d 1148, 1150 [2014], *lv denied* 24 NY3d 1001 [2014]; *People v Matthews*, 101 AD3d 1363, 1365-1366 [2012], *lv denied* 20 NY3d 1101 [2013]).

We also find no merit to defendant's claim that his sentence was harsh and excessive. Defendant had a lengthy criminal history, which included two prior felony drug offenses, was on parole supervision at the time that he committed the instant offense and received a sentence well under the maximum permissible sentence. Accordingly, as we discern no abuse of discretion nor any extraordinary circumstances warranting a reduction of the sentence in the interest of justice, we decline to disturb it (*see People v Nichol*, 121 AD3d 1174, 1178 [2014], *lv denied* 25 NY3d 1205 [2015]; *People v Harvey*, 96 AD3d 1098, 1101 [2012], *lv denied* 20 NY3d 933 [2012]; *People v Davis*, 83 AD3d 1210, 1213 [2011], *lv denied* 17 NY3d 794 [2011]).

To the extent that any of defendant's remaining arguments have not been expressly addressed herein, they have been examined and found to be without merit.

McCarthy, J.P., Egan Jr., Lynch and Devine, JJ., concur. Ordered that the judgment is affirmed.