Aarons, J.
 

 Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered June 22, 2015, upon a verdict convicting defendant of the crimes of murder in the second degree, conspiracy in the second degree, criminal possession of a weapon in the second degree (two counts) and criminal possession of a controlled substance in the second degree.
 

 As defendant and the codefendant, his uncle, were being investigated through eavesdropping warrants and surveillance for drug-related crimes, law enforcement officials learned that defendant was targeting an individual who defendant believed was involved in the rape of his girlfriend. After the victim was shot and killed, defendant and the codefendant were detained in a traffic stop and subsequently arrested. A search of the co-defendant’s vehicle revealed loaded handguns, ammunition and narcotics. Defendant was charged in a multicount indictment in connection with the shooting of the victim, as well as his possession of the handguns and controlled substances. Following a joint jury trial with the codefendant, defendant was convicted of murder in the second degree, conspiracy in the second degree, two counts of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the second degree.
 
 [1]
 
 County Court sentenced defendant, as a second felony offender, to an aggregate prison term of 39 years to life in prison, followed by five years of post-release supervision. Defendant now appeals. We affirm.
 

 Turning first to defendant’s claim that the evidence procured from the eavesdropping warrant should have been suppressed, we reject defendant’s contention that probable cause was lacking for the eavesdropping warrant to be issued (see People v Williams, 138 AD3d 1233, 1236-1237 [2016], lv denied 28 NY3d 939 [2016]; People v Alnutt, 107 AD3d 1139, 1141 [2013], lv denied 22 NY3d 1136 [2014]). Furthermore, contrary to defendant’s assertion, the eavesdropping warrant was properly issued inasmuch as the People sufficiently established that normal investigative procedures were unavailable. The application for the eavesdropping warrant was supported by, among other things, an affidavit of an investigator with the State Police Bureau of Criminal Investigation, who averred that other procedures, such as physical surveillance, use of confidential informants, traffic stops, search warrants or interviews with known associates of defendant would not likely succeed in aiding the investigation. Given that the eavesdropping warrant application complied with the requirements of CPL article 700, County Court properly denied defendant’s motion seeking suppression of evidence obtained through the eavesdropping warrant (see People v Anderson, 149 AD3d 1407, 1409 [2017], lv denied 30 NY3d 947 [2017]; People v Brown, 233 AD2d 764, 765-766 [1996], lv denied 89 NY2d 1009 [1997]; People v Baker, 174 AD2d 815, 817 [1991], lv denied 78 NY2d 920 [1991]).
 

 Defendant also challenges County Court’s suppression ruling regarding the weapons, ammunition and drugs seized from a vehicle registered to the codefendant. County Court correctly determined that defendant did not have standing to contest the search of the vehicle because defendant did not have a legitimate expectation of privacy over such vehicle (see People v Anderson, 118 AD3d 1137, 1138 [2014], lv denied 24 NY3d 1000 [2014]). It is undisputed that defendant was not the registered owner of the vehicle. In addition, there was no evidence demonstrating that defendant had the right to exclude others from the vehicle or had some possessory interest in it (see generally People v Rodriguez, 69 NY2d 159, 162 [1987]). Under these circumstances, we find that defendant lacked standing (see People v Laws, 208 AD2d 317, 321-322 [1995]; People v Williams, 90 AD2d 642, 643 [1982]; see generally People v Ramirez-Portoreal, 88 NY2d 99, 108 [1996]).
 
 [2]
 

 We reject defendant’s assertion that the admission of a redacted recording of the codefendant’s interview with the police violated his right to confront witnesses. During such interview, defendant was not named by the codefendant, nor was he otherwise implicated in any wrongdoing by the code-fendant’s statements (see People v Maschio, 117 AD3d 1234, 1235 [2014]; People v Pagan, 87 AD3d 1181, 1184-1185 [2011], lv denied 18 NY3d 885 [2012]). Furthermore, County Court instructed the jury that the recorded police interview should be considered as evidence only against the codefendant (see People v Thompson, 147 AD3d 1298, 1300-1301 [2017], lv denied 29 NY3d 1037 [2017]). As such, we conclude that there was no violation of defendant’s right to confront witnesses.
 

 Regarding defendant’s motion for a separate trial, we find no abuse of discretion in County Court’s denial of such motion. Upon a showing of good cause, a court may order separate triais (see CPL 200.40 [1] [d] [iii]; People v Middleton, 192 AD2d 740, 742 [1993], lv denied 83 NY2d 913 [1994]). “[Severance is compelled where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger, as both defenses are portrayed to the trial court, that the conflict alone would lead the jury to infer defendant’s guilt” (People v Mahboubian, 74 NY2d 174, 184 [1989]). Defendant relies on the statements made in the redacted video interview of the codefendant as a basis for severance but, as discussed, such statements did not implicate defendant. Furthermore, contrary to defendant’s claim, the codefendant’s counsel did not act as a second prosecutor inasmuch as the testimony elicited during cross-examination of certain witnesses did not reveal any new information that was not already provided on direct examination of such witnesses (see People v Wilson, 120 AD3d 1531, 1533 [2014], affd 28 NY3d 67 [2016]; compare People v Forbes, 203 AD2d 609, 612 [1994]). Also, the opening and closing statements by the codefendant’s counsel did not expressly place any blame on defendant but, instead, emphasized the lack of direct evidence pointing to the codefendant’s guilt. Although defendant correctly notes that the codefendant would not be bound by County Court’s Sandoval ruling (see People v McGee, 68 NY2d 328, 333 [1986]), given that defendant and the codefendant were charged with similar crimes and the People used the same evidence against them, such fact does not compel separate trials (see People v Hernandez, 260 AD2d 399, 400 [1999], lv denied 93 NY2d 925 [1999]). Indeed, “[w]here the proof against both defendants is supplied to a great extent by the same evidence, only the most cogent reasons warrant a severance” (People v Minor, 129 AD3d 1337, 1339 [2015] [internal quotation marks and citation omitted], lv denied 27 NY3d 1003 [2016]; see People v Dickson, 21 AD3d 646, 647 [2005]; People v Hope, 186 AD2d 872, 874 [1992], lv denied 80 NY2d 1027 [1992]). In the absence of such cogent reasons and taking into account the strong public policy in favor of joint trials (see People v Mahboubian, 74 NY2d at 184), we cannot say that County Court abused its discretion in denying defendant’s motion for a separate trial (see People v Cordato, 85 AD3d 1304, 1308-1309 [2011], lv denied 17 NY3d 815 [2011]; People v Melendez, 285 AD2d 819, 822 [2001], lvs denied 97 NY2d 708, 731 [2002]).
 

 Defendant further argues that County Court’s reverse Batson ruling concerning two male jurors was erroneous. During jury selection, the People objected to defendant’s peremptory challenge with respect to juror No. 5 on the basis that he was the “eighth straight male that the defense has excused for a peremptory.” County Court noted that juror No. 5 was the “eighth male that [defendant has] challenged peremptorily” and requested a gender-neutral reason. Defense counsel responded that his challenge of juror No. 5 was based on his conservative background and “his dealing with Plug Power and that type of corporation, when he hears expert testimony, that he would automatically side for testimony regarding forensic, regarding DNA, regarding a lab in general.” The codefendant’s counsel added that juror No. 5’s “[b]ody language was extremely troubling. He appeared to be shaking his head.”
 
 [3]
 
 With respect to juror No. 17, the codefendant’s counsel had “concerns about his experience in Greene County that he spoke about, [federal [government employee” and explained that “he appears to fit the profile of a conservative-prosecution vote.” The People responded that defendant has “agreed to keep one male out of 11” and that it was “disproportionate with the males.” In granting the People’s Batson objection, County Court stated, “I believe that [defendant is] excluding males and . . . [has] shown a pattern.”
 

 As relevant here, we agree with defendant that he satisfied the second step of the Batson analysis by providing gender-neutral reasons for his peremptory challenges on juror Nos. 5 and 17 (cf. People v Payne, 88 NY2d 172, 186 [1996]; People v Green, 141 AD3d 1036, 1040 [2016], lv denied 28 NY3d 1072 [2016]; People v Murphy, 79 AD3d 1451, 1452 [2010], lv denied 16 NY3d 862 [2011]). Nevertheless, even though it appears that County Court effectively compressed steps two and three of the Batson test, the court’s consideration of pretext can be inferred from the record (see People v Payne, 88 NY2d at 185; People v Cajigas, 82 AD3d 544, 545 [2011], affd 19 NY3d 697 [2012]). We note that, while both parties and the court bear a responsibility to ensure the development of an adequate record, “[w]hen [t]rial [j]udges are satisfied . . . that unlawful discrimination has been employed by either side, there should be no artificial procedural barriers to their taking firm and prompt action” (People v Payne, 88 NY2d at 184). Accordingly, it is unnecessary to remit the matter for further proceedings (see e.g. People v Quiles, 74 AD3d 1241, 1244 [2010]; People v Starks, 234 AD2d 861, 862 [1996]) or order a new trial (see e.g. People v Grafton, 132 AD3d 1065, 1067-1068 [2015], lv denied 26 NY3d 1145 [2016]).
 

 Regarding defendant’s challenge to County Court’s Molineux ruling, which permitted the People to admit evidence of a prior shooting incident, such claim is unpreserved for our review in light of defendant’s failure to advance a specific argument at the combined Sandoval-Molineux hearing regarding the admissibility or prejudicial effect of the prior shooting incident (see People v Tyrell, 82 AD3d 1352, 1355 [2011], lv denied 17 NY3d 810 [2011]). In any event, we find no error in County Court’s Molineux determination (see People v Portis, 129 AD3d 1300, 1302-1303 [2015], lv denied 26 NY3d 1091 [2015]). Defendant also acknowledges that his counsel failed to request a Molineux limiting instruction, and we conclude that such failure, by itself, does not amount to ineffective assistance of counsel (see People v Cox, 129 AD3d 1210, 1214 [2015], lv denied 26 NY3d 966 [2015]).
 

 Finally, defendant contends that the sentence of 14 years imposed for his conviction of criminal possession of a controlled substance in the second degree, which was ordered to run consecutively to the sentences imposed for the other convictions, was harsh and excessive. We disagree. Given defendant’s prior drug-related convictions and his lack of remorse for his actions, we discern no abuse of discretion or extraordinary circumstances warranting the reduction of this sentence in the interest of justice (see People v Slaughter, 150 AD3d 1415, 1418 [2017]; People v Jordan, 148 AD3d 1461, 1463 [2017]). To the extent not specifically addressed herein, defendant’s remaining arguments, including those raised in his pro se supplemental brief, have been examined and are without merit.
 

 Garry, J.P., Egan Jr., Devine and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.
 

 [1]
 

 . The eodefendant was convicted of the same charges.
 

 [2]
 

 . Even if defendant had standing, based upon our review of the record, we are satisfied that the warrant obtained to search the codefendant’s vehicle was supported by probable cause (see People v Cherry, 149 AD3d 1346, 1347-1348 [2017], lv denied 29 NY3d 1124 [2017]; People v Dawson, 110 AD3d 1350, 1351 [2013], lv denied 23 NY3d 1035 [2014]).
 

 [3]
 

 . Defendant and the eodefendant were required to agree on their use of peremptory challenges.