People v Palmer (2018 NY Slip Op 03391)





People v Palmer


2018 NY Slip Op 03391


Decided on May 10, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2018

107732

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Appellant,
v
RUSSELL PALMER, Also Known as GOO, Also Known as UNC, Respondent.

Calendar Date: March 26, 2018

Before: McCarthy, J.P., Devine, Mulvey, Aarons and Pritzker, JJ.


Mitchell S. Kessler, Cohoes, for appellant, and appellant pro se.
P. David Soares, District Attorney, Albany (Emily A. Schultz of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeals (1) from a judgment of the County Court of Albany County (Herrick, J.), rendered June 22, 2015, upon a verdict convicting defendant of the crimes of murder in the second degree, conspiracy in the second degree, criminal possession of a weapon in the second degree (two counts) and criminal possession of a controlled substance in the second degree, and (2) by permission, from an order of said court, entered August 2, 2016, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was charged by superseding indictment with murder
in the second degree, conspiracy in the second degree, two counts of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree stemming from the killing of Sylvester Scott (hereinafter the victim) in the City of Albany. Following several hearings and a joint jury trial with the codefendant, defendant was convicted of all charges except criminal possession of a controlled substance in the third degree [FN1]. County Court sentenced defendant, as a second felony offender, to an aggregate prison term of 39 years to life followed by five years of postrelease supervision. Thereafter, defendant made a pro se motion pursuant to CPL 440.10 to [*2]vacate the judgment of conviction, which the court denied without a hearing. Defendant now appeals from the judgment of conviction and, by permission, from the denial of his CPL article 440 motion. We affirm.
Initially, defendant's arguments as to severance and a reverse Batson ruling were addressed in the appeal of the codefendant (People v Murray, 155 AD3d 1106, 1107-1110 [2017]). After considering defendant's arguments on these issues, we are unpersuaded that any reason has been set forth such that these issues should be decided differently in this appeal.
County Court properly denied the portion of defendant's pretrial omnibus motion in which he moved for an order suppressing any evidence acquired by means of an eavesdropping warrant due to lack of standing. In support of his motion, defendant's attorney submitted an affirmation contending that, although the eavesdropping warrant authorized the interception and recording of communications occurring over a telephone number assigned to someone other than defendant, he "has an expectation of privacy in any and all telephone conversation[s] that he may have made that may have been recorded by law enforcement that occurred prior to the time that an eavesdropping warrant was obtained against his phone line." As defendant did not submit sworn allegations of fact that he was a sender, receiver or participant in the subject phone conversations, he failed to demonstrate that he was an aggrieved person with standing to challenge the eavesdropping warrant (see CPLR 4506 [2]; cf. People v Jeanty, 268 AD2d 675, 678-679 [2000], lvs denied 94 NY2d 945, 949 [2000]). In any event, even if defendant had standing, he is not entitled to a hearing to challenge the legality of the eavesdropping warrant because this Court already found, on the codefendant's direct appeal, that the warrant application "complied with the requirements of CPL article 700" (People v Murray, 155 AD3d at 1107-1108).
We disagree with defendant's contention that County Court erred in failing to suppress a statement given subsequent to his illegal arrest. Evidence obtained through illegal police action is not automatically subject to exclusion (see People v Bradford, 15 NY3d 329, 333 [2010]; People v Stahl, 141 AD3d 962, 964 [2016], lv denied 28 NY3d 1127 [2016], cert denied ___ US ___, 138 S Ct 222 [2017]). "The application of the exclusionary rule requires a commonsense appraisal of whether the suppression of the challenged evidence will remove in the future the motive for similar improper police conduct" (People v Rogers, 52 NY2d 527, 535 [1981], cert denied 454 US 898 [1981]; see People v John BB., 81 AD2d 188, 192 [1981], affd 56 NY2d 482 [1982], cert denied 459 US 1010 [1982]). "Although the prosecution will be denied the poisoned fruit from the poisoned tree, at some point the chain of causation leading from the illegal activity to the challenged evidence may become so attenuated that the taint of the original illegality is removed" (People v Rogers, 52 NY2d at 532-533 [internal quotation marks and citations omitted]; see People v Richardson, 9 AD3d 783, 788 [2004], lv denied 3 NY3d 680 [2004]). When determining whether a confession or admission was produced by exploitation of an illegal arrest, three factors are relevant: "(1) [t]he temporal proximity of the arrest and [statement]; (2) the presence of intervening circumstances[;] and (3) the purpose and flagrancy of the official misconduct" (People v Martinez, 37 NY2d 662, 666 [1975] [internal quotation marks and citation omitted]; see People v Vaughn, 275 AD2d 484, 488 [2000], lv denied 96 NY2d 788 [2001]).
We find that the proof in this case is sufficient to support the finding of attenuation. Defendant was arrested, after a traffic stop, by a state trooper at approximately 11:00 a.m. at a hotel and brought to the City of Albany Police Department. At approximately 3:45 p.m., defendant was administered his Miranda rights and questioned by two police detectives, neither of whom arrested defendant or were even present at the hotel when defendant was arrested. Additionally, as County Court held, "[a]lso significant is the fact that though the evidence at the [*3]hearing did not adequately demonstrate a chain of information necessary to find probable cause pursuant to the fellow officer rule, the officers at the Albany Police Department had in their possession sufficient evidence to establish probable cause for [defendant's] arrest." This holding by the court, as well as a thorough review of the record, evinces that "there is no demonstrable proof in the record that the initial detention of defendant was motivated by bad faith or a nefarious police purpose" (People v Bradford, 15 NY3d at 334). We see no reason to disturb County Court's determination inasmuch as "sufficient evidence that the required nexus between the detention and the statements is absent, there would be no deterrence and therefore no reason to invoke the exclusionary rule" (People v Rogers, 52 NY2d at 535).
We are similarly unpersuaded by defendant's challenge to County Court's denial of his for-cause challenge to prospective juror No. 9 from the second voir dire panel due to an implied bias based upon an employment relationship between the prospective juror's mother and a prosecution witness. "A challenge for cause as to a prospective juror is properly raised if he or she has a 'relationship with a potential witness of such a nature that it is likely to preclude him or her from rendering an impartial verdict'" (People v Stanford, 130 AD3d 1306, 1308 [2015] [brackets omitted], lv denied 26 NY3d 1043 [2015], quoting CPL 270.20 [1] [c]). Not all relationships between a prospective juror and a witness require disqualification for cause, and trial courts must look at many factors surrounding the relationship at issue, such as the frequency of the contact and the nature of the relationship as personal and/or professional (see People v Greenfield, 112 AD3d 1226, 1228-1229 [2013], lv denied 23 NY3d 1037 [2014]). Here, the record is limited because the potential juror's statements regarding her relationship were off the record [FN2]. However, when addressing defendant's challenge for cause, the court stated that the prospective juror's mother currently worked for the witness, a doctor, and that the prospective juror knew the doctor. The court also stated that the potential juror "indicated she would be able to be fully fair and impartial, it wouldn't impact on her ability to do that." On this record, and stressing that the prospective juror indicated that she could be fair and impartial, we do not find this relationship to be "so close as to require disqualification" (People v Stanford, 130 AD3d at 1308-1309; see People v Molano, 70 AD3d 1172, 1174 [2010], lv denied 15 NY3d 776 [2010]).
Nor do we find merit to defendant's challenge to County Court's Molineux ruling, which allowed the People to inquire into defendant's involvement in a shooting that occurred two days prior to the victim's death. Evidence surrounding the prior shooting was not admitted as a Molineux exception, but constitutes additional evidence of the charged crime of conspiracy as evidence of an overt act committed by defendant in furtherance of the conspiracy to commit murder (see Penal Law § 105.15; People v Cochran, 140 AD3d 1198, 1200-1201 [2016], lvs denied 28 NY3d 970 [2016]; People v Morales, 309 AD2d 1065, 1066 [2003], lv denied 1 NY3d 576 [2003]). Notably, the indictment specified that the conspiracy to commit murder began on or about December 20, 2013 until December 23, 2013; accordingly, the court did not err in permitting inquiry into the December 21, 2013 shooting (see People v Murray, 155 AD3d at 1111; People v Portis, 129 AD3d 1300, 1302-1303 [2015], lvs denied 17 NY3d 1088-1091 [2015]).
We turn next to defendant's assertion that County Court erred in denying without a [*4]hearing his pro se CPL article 440 motion, alleging ineffective assistance of counsel [FN3]. Defendant contends that trial counsel was ineffective in failing to develop a valid suppression claim by not calling Patrick Hogan, the investigator who drafted the felony complaints, as a witness at the preliminary hearing. We see no merit to this contention as Hogan testified at length during the suppression hearing, at which defendant was represented by counsel who thoroughly cross-examined Hogan, as well as the People's other witnesses. Finally, defendant's allegations regarding what he believes Hogan would have testified to at the preliminary hearing are purely speculative and not supported by the record (see CPL 440.30 [4] [d]; People v Rossney, 186 AD2d 926, 926 [1992], lv denied 81 NY2d 794 [1993]). We have considered defendant's remaining arguments and find them to be without merit.
McCarthy, J.P., Devine, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment and order are affirmed.



Footnotes

Footnote 1: The codefendant was convicted of the same charges.

Footnote 2: County Court's recollection of the challenged juror's off-the-record statement is sufficient for review purposes as defense counsel did not question or contradict the court's recollection (see People v Madison, 230 AD2d 807, 808 [1996], lv denied 89 NY2d 925 [1996]).

Footnote 3: We find the second argument raised in defendant's CPL article 440 motion to be abandoned on appeal (cf. People v Blume, 92 AD3d 1025, 1027-1028, lv denied 19 NY3d 957 [2012]).